**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-11-CR-590 LY** |
| | § | |
| **ROBERT GENE DEARING** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to

28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of

the United States District Court for the Western District of Texas, Local Rules for the Assignment

of Duties to United States Magistrate Judges.  The Court conducted a hearing on June 9, 2014, and

heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking

to revoke the Defendant's term of supervised release.

I.  PROCEDURAL BACKGROUND

On March 16, 2012, the Defendant was sentenced to 30 months imprisonment, followed by

three years of supervised release, for being a felon in possession of a firearm, in violation of 18

U.S.C. § 922(g), and 12 months of imprisonment and one year of supervised release for possession

of a controlled substance in violation of 21 U.S.C. § 844, those sentences to run concurrently.  The

Defendant commenced his supervision on December 19, 2013.  Although the Defendant generally

had a good attitude, his direction was not always focused.  For example, while he was eager to work,

he insisted on working in construction with independent contractors or as self-employed, which the

Probation Office discouraged.  He also minimized his need for substance abuse treatment, and did

not believe he needed to reside in a sober home, though he was willing to cooperate with both conditions.

No long thereafter, the Defendant began to violate his conditions. On both February 3 and 5, 2014, the Defendant tested positive for use of methamphetamine, and admitted to such use. He indicated that his use followed being upset when an employer failed to pay him for day labor. The Defendant remained unemployed in March and April 2014, and was directed to attend job fairs at Goodwill. The Defendant failed to attend both, explaining that he wanted to work only in his field of interest.

On April 22, 2014, the Defendant reported to the Probation Office and tested positive for alcohol use. He initially denied consuming any alcohol, then admitted to drinking one beer the day before at lunch. Despite the Probation Officer's skepticism that one beer at lunch would still register the following day, the Defendant remained adamant that he had only consumed one beer. However, later that evening, the Defendant contacted his supervising officer and admitted to having consumed four beers the evening before. On a positive note, the Defendant obtained employment as a cable installer with a local company on May 6, 2014. But then on May 8, 2014, the Defendant reported for a drug test and, after some "fits and starts" with providing a sample, it was discovered that the Defendant was attempting to use a "Whizzinator"[1] to provide someone else's urine as his sample. Upon this discovery, the Defendant admitted to having used methamphetamine within the last few days. Further, samples provided on May 9 and 12, 2014, also tested positive for methamphetamine, and the Defendant admitted to use on May 6-8, 2014. When confronted about his continued use, the Defendant essentially stated that he was self-medicating for problems suffered as a result of injuries

---

[1]*See* http://www.thewhizzinator.com/; *see also* http://en.wikipedia.org/wiki/Whizzinator.

he sustained in TDCJ many years ago.  (The Defendant did concede that he would be better off seeking medical attention for the problems rather than illegally using controlled substances, and stated an intention to do so now that he had a job and could afford health care.)

Based on the continued drug use, on May 23, 2014, the Probation Office filed its Petition, alleging that the Defendant violated his conditions through use of methamphetamine and alcohol. The undersigned ordered the issuance of a warrant that same day, and the Defendant was arrested on the warrant on May 29, 2014.

On June 9, 2014, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition, except the allegation of a new criminal offense.

## II.  FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.      The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.      The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.      The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by (1) consuming alcohol; and (2) using methamphetamine.

## III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release on both counts be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.  The most serious violation is a Grade C, and the Defendant's criminal history category was a IV, resulting in an (advisory) guideline range of 6-12 months of imprisonment.  Having considered all of the above, the undersigned RECOMMENDS that on each of the two counts, the Defendant be sentenced to 8 months of imprisonment, with no supervised release to follow, said sentences to run concurrent with one another.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v.*

*United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will

be no objections to this Report and Recommendation, and the matter is ripe for the District Court

to act upon it.

To the extent that a party has not been served by the Clerk with this Report &

Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return

receipt requested.

SIGNED this 9th day of June, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE